## MARY BLACKWELL v. THE STATE.

## (*Jackson*.   April Term, 1926.)

1. **CRIMINAL LAW.**

   One convicted in trial court comes to supreme court under presumption of guilt.   (*Post, p.* 321.)

2. **INTOXICATING LIQUORS:** Evidence held not to preponderate against conviction for selling liquor.

   In prosecution for selling liquor, in which arresting officer testified that he saw defendant deliver whisky and discovered same on transferee, who admitted purchase from defendant, evidence *held* not to preponderate against conviction.   (*Post, pp.* 321, 322.)

3. **CRIMINAL LAW.** Fine of $50 imposed by judge for unlawful sale of liquor carrying minimum fine of $100, though erroneous, was not reversible error, as defendant was benefited and no constitutional question was involved (Public Acts 1921, chapter 130; Public Acts 1911, chapter 32; Constitution, article 6, section 14).

   Under Public Acts 1921, chapter 130, fixing minimum fine for unlawful sale of liquor at $100, and Constitution, article 6, section 14, fixing $50 as maximum fine that can be imposed by a judge, fine of $50, imposed by judge for unlawful sale of liquor, without amount having been fixed by jury, though erroneous, was not reversible error, as judge's assumed power was exercised for benefit of defendant, and no constitutional question, which is not saved by Public Acts 1911, chapter 32, was involved.   (*Post, p.* 321.)

Acts cited and construed: Acts 1921, ch. 130; Acts 1911, ch. 32.

Cases cited and approved: State v. Green, 129 Tenn., 619-623; Vinson v. State, 140 Tenn., 70.

Case cited and distinguished: Johnson v. State, 152 Tenn., 184.

Constitution cited and construed: Art. 6, sec. 14.

---

*Headnotes 1. Criminal Law, 17 C. J., Section 3560 (Anno); 2. Intoxicating Liquors, 33 C. J., Section 510; 3. Criminal Law, 17 C. J., Section 3732.

FROM SHELBY.

Appeal from the Criminal Court of Shelby County.— Hon. J. Ed. Richards, Judge.

Jesse Edgington, for appellant.

Ferriss C. Bailey, Assistant Attorney-General, for the State.

Mr. Justice Chambliss delivered the opinion of the Court.

This is an appeal from a conviction for selling liquor. The testimony is conflicting, and it is earnestly insisted that the evidence preponderates against the verdict. Plaintiff in error proves a good character, and she and her husband and her witness, Yates, tell a plausible and consistent story. However, the arresting officer is absolutely positive that he witnessed, with an unobstructed view, the delivery by plaintiff in error of the whisky to one Burke and his payment of the money to her, and that he immediately arrested both parties, found four bottles of whisky on Burke, and that Burke admitted to him that he had just bought it from plaintiff in error, and so testified before Judge Davis, the committing officer. The insistence of the plaintiff in error is that she was buying eggs from witness Yates, who corroborates her, and that Burke had brought the whisky to her house. Burke is not introduced, and his absence is not accounted for. A sharp issue arose as to the testimony given by

Blackwell v. State.

Burke on the committing trial, but Judge Davis ws called and testified that he heard the case, and "that he was strongly impressed with the fact that Burke testified he bought the whiskey in question from Mary Blackwell." Affidavits, two of them by her bondsmen, were introduced on a motion for a new trial touching this point, but no affidavit was offered from Burke, and we are not convinced that the proposed testimony, if produced on a second trial, would change the result, especially in view of the evidence of Judge Davis.

It must be borne in mind that one conviction below comes to this court under a presumption of guilt, and that this court recognizes the superiority of the opportunity afforded the jury and trial judge to pass on the facts, and particularly the credibility of the witnesses, whom they see and hear. Having in mind these considerations, we are unable to say that the evidence preponderates against the verdict, or that error was committed in refusing a new trial.

A question of law is presented. The verdict in this case was, "We, the jury, find the defendant guilty of violating the four-mile law as charged in the indictment." The judge thereupon fixed a fine of $50 and added a jail sentence of thirty days. Error is assigned on the ground that since, by chapter 130 of the Public Acts of 1921, the minimum fine in this class of cases is $100, and by section 14 of article 6 of the Constitution the maximum fine that the judge may fix is $50, and the judge being therefore without power to fix the fine, his action in so doing was error and the verdict of the jury without fixing the fine void.

153 Tenn.—21.

In *Johnson* v. *State,* 152 Tenn., 184, 274 S. W., 12, this court said:

"The constitution is violated if the judge fixes the fine at more than $50, and the statute is violated if he fixes it at less than $100. It results that a fine may not be lawfully fixed for a violation of these liquor laws by the judge without a jury verdict."

However, while it was error in the instant case for the court to assess the fine without its amount having been fixed by the jury, it is not reversible error, because he exercised his assumed power for the benefit of the plaintiff in error. This is a general rule of practice. In *State* v. *Green,* 129 Tenn., 619-623, 167 S. W., 867, this rule was applied despite the fact that the fine complained of was $100, but since in that case a constitutional pro-- vision was therefore involved, that decision was disapproved in *Johnson* v. *State,* supra, wherein it was held that errors affecting constitutional rights call for a reversal, and are not saved by chapter 32, Acts of 1911, following· *Vinson* v. *State,* 140 Tenn., 70, 203 S. W., 338. In the instant case no constitutional right was involved, and, under both the Act of 1911 and the general rule above stated, the error, clearly beneficial to plaintiff in error, is not reversible.

The judgment is affirmed.