LYNCH *et al. v.* STATE *ex rel.* KILLEBREW.

(*Nashville,* December Term, 1941.)

Opinion filed June 2, 1942.

ERNEST F. SMITH, Assistant Attorney-General, for plaintiff in error.

JOHN J. HOOKER and J. M. PEEBLES, both of Nashville, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This appeal is from a judgment of Davidson County Criminal Court, Part II, sustaining a petition for *habeas corpus,* holding void a judgment of the Criminal Court of Davidson County, Part I, entered April 14, 1941, in so far as it sentenced James Killebrew, then seventeen years and six months of age, to the State Training and Agricultural School for one year. Killebrew plead guilty to a misdemeanor, as defined by Code, Section 10826, the offense of wantonly and maliciously casting missiles into a dwelling house, and it is conceded that, at his age, Killebrew was subject to sentence only to the workhouse or jail.

The petition alleged, and the trial judge held, that the sentence to confinement in the training school was, therefore, void and that he was being unlawfully confined by defendant State authorities in charge of this institution.

The State asserts that the judgment was erroneous, or voidable only, and that Killebrew's remedy had been by appeal therefrom; also, that since the sentence to the training school was a concession made at the instance and for the benefit of Killebrew, he should be held bound thereby, and relies on *Blackwell* v. *State,* 153 Tenn., 319, 283 S. W., 986, and *Fults* v. *State,* 34 Tenn. (2 Sneed), 232.

We are constrained to agree with the trial judge that in the instant case this judgment was void, in so far as it sentenced Killebrew to the training school. The trial court in the original case having been wholly without authority to so adjudge, he acted beyond his jurisdiction.

Cases are cited from other jurisdictions, from which it appears that the decisions are in conflict, but we think the situation is controlled by our own decisions. We quote from *New York Cas. Co.* v. *Lawson,* 160 Tenn., 329, at page 336, 24 S. W. (2d), 881, at page 883: "A void judgment is one which shows upon the face of the record a want of jurisdiction in the court assuming to render the judgment, which want of jurisdiction may be either of the person, or of the subject-matter generally, or of the particular question attempted to be decided or the relief assumed to be given. *Chickamauga Trust Co.* v. *Lonas,* 139 Tenn., 228, 235, 201 S. W., 777, L. R. A., 1918D, 451; *Vanvabry* v. *Staton,* 88 Tenn., [334], 353, 12 S. W., 786; *Finley* v. *Gaut,* 67 Tenn. (8 Baxt.), [148], 149; *Holmes* v. *Eason,* 76 Tenn. (8 Lea), [754], 755."

This is, of course, equally true of a judgment which inflicts a punishment in excess of jurisdiction.

When the judgment is void, the remedy under it is by *habeas corpus.* We quote from *State ex rel. L. Karr* v. *Taxing District of Shelby County,* 84 Tenn. (16 Lea), 240, at page 249: "When the restraint, from which

relief is sought by a writ of *habeas corpus,* proceeds from a judgment erroneous but not void, the writ will not lie. Nor, under it, can the party impeach a judgment as contrary to the facts. And, in general, this is not the remedy where the imprisonment is on judicial process. But where the sentence is void, not merely voidable, or the term of imprisonment under it has expired, relief may be had by the writ: 1 Bish. Crim. Pro., [250], sec. 1410. Inferior judicial officers, says Mr. Cooley, sometimes use the writ as if it were a writ of error, under which they might correct the errors and irregularities of the other tribunals. 'Any such employment of the writ is an abuse': Const. Lim (4th Ed.), 430. These are elementary principles, and the Code consequently directs that the party detained shall be remanded to custody 'in every case in which the detention is authorized by law,' and the time of detention has not expired: Code, sec. 3761.''

Conversely, in every case where the detention is not "authorized by law," as here appears, "the party detained shall" not "be remanded to custody," but discharged.

The State invokes application of the rule, followed in *Blackwell* v. *State, supra,* under which this Court refuses to reverse when the action of the trial judge complained of has been for the benefit of the plaintiff in error. In that case the trial judge fined the defendant but $50, when the statute fixed $100 for the offense. It was not contended in that case that the judgment was void, but a reversible error only. Having conceded authority to punish by fine, the error complained of was made in the exercise of the general power to punish by fine. But here the Court was without authority to punish by confinement in the training school for any period, and he, therefore, exceeded his jurisdictional authority. The situation

would be analogous if, having general power to confine in the training school under a statute which fixed a term of one year for the offense, the Court had fixed a term of six months only.

 The State also cites for a precedent *Fults* v. *State, supra.* In that misdemeanor case the Court was held to have power to suspend a sentence, the complaint being that he erred in so doing because no good cause was shown. This, again, was a case of alleged error only in the exercise of a jurisdictional authority. No contention was made that the judgment was void for want of such power. The rule cannot be extended to a case where, either the Court was wholly without authority in the premises, or, as recognized in the *Blackwell Case,* a constitutional right was violated.

 The State further insists that by this proceeding it is sought to upset an agreement made at the request and for the benefit of relator and obtain an unfair advantage thereby. On the other hand, relators claim justification for this course, because of the failure of representatives of the training school to carry out an agreement made by them as to the parole of Killebrew. While this Court does not approve the breach of agreements entered into in good faith between parties, we do not feel called upon to pass on the ethical issues thus presented in this case, but must determine the legal rights involved without reference thereto.

 Holding the original judgment of confinement void, as heretofore shown, the trial judge in the instant case discharged the petitioner from the custody of the state training school authorities, but proceeded to adjudge that he be committed to the custody of the sheriff and released on bond 'conditioned upon said Relator's appearance in the Criminal Court, Division I.'' It is

said that this is error. Without deciding whether or not "Criminal Court, Division I" had lost jurisdiction of the case upon adjournment of the term, and could make no further or other order, since it appears that the relator served seven months of his sentence, this Court is of opinion that justice has been substantially served and therefore recommends that there be no further prosecution of the case and that the relator be permanently discharged.