IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
August 31, 2011 Session

**SCOTT M. CRAIG v. DAVID MILLS, WARDEN**

**Appeal by Permission from the Court of Criminal Appeals**
**Circuit Court for Morgan County**

**No. 09-CR-9514      E. Eugene Eblen, Judge**

---

**No. E2010-00487-SC-R11-HC - Filed October 14, 2011**
**Not for Publication**

---

**MEMORANDUM OPINION[1]**

**I.  Factual and Procedural Background**

In July 1998, a Bradley County jury convicted Scott M. Craig ("petitioner") of two counts of aggravated rape and one count of aggravated kidnapping and assessed a twenty-five thousand dollar ($25,000) fine on one of the aggravated rape convictions and twenty thousand dollar ($20,000) fines on each of the other convictions, for aggregate fines of sixty-five thousand dollars ($65,000).   The trial court imposed concurrent sentences of fifteen years for the aggravated rape convictions and a consecutive eight-year sentence for the aggravated kidnapping conviction, for an aggregate sentence of twenty-three years.   On July 27, 1998, judgments were entered reflecting each conviction and sentence; however, these judgments did not reflect the fines imposed by the jury, nor did these judgments reflect imposition of any sexual offense surcharge.  See Tenn. Code Ann. § 39-13-709 (2010).[2]

---

[1]In accordance with Tenn. Sup. Ct. R. 4(A)(2), we designate this opinion as "Not for Publication".

[2] This statute provides:
> (a) For purposes of this section, unless the context otherwise requires, "convicted" and "conviction" means an adjudication of guilt of a sex offense as defined in this part as follows:
>
> (1) Plea of guilty, including a plea of guilty entered pursuant to § 40-35-

(continued...)

On December 29, 1998, the State of Tennessee filed a motion to correct the judgment "to reflect the fines imposed by the jury." On January 7, 1999, the trial court entered amended judgments which reflected the fines imposed by the jury; however, these amended judgments again failed to reference imposition of any sexual offense surcharge.

On February 10, 1999, approximately six months after the petitioner's trial, the Circuit Court Clerk for Bradley County wrote a memorandum to officials at the prison where the petitioner was incarcerated, stating:

> This is to certify that the defendant in the above-captioned case has been assessed th[e] sexual offense surcharge of $8,000. Department of Correction is hereby place[d] on notice that the defendant has not paid his surcharge.

The record does not establish whether a copy of this memorandum was provided to the petitioner or to the attorney representing him. Upon receiving the Clerk's memorandum, the Tennessee Department of Correction ("TDOC") began withholding fifty percent of the funds in the petitioner's prison trust account to pay the $8,000 sexual offense surcharge.

On May 29, 2001, the trial court overruled the petitioner's motion for new trial. On June 22, 2001, the petitioner filed a notice of appeal.

---

[2](...continued)
    313;
    (2) Verdict of guilty by a judge or jury;
    (3) Plea of no contest; and
    (4) Best interest plea.

(b) On and after July 1, 1996, each person who is convicted of a sex offense as defined in this part shall pay a tax to the clerk of the court in which the conviction occurs, in an amount not to exceed three thousand dollars ($3,000), as determined by the court for each conviction as defined by this part.
. . . .

(e) The court may waive all or any portion of the tax required by this section if the court finds that a person convicted of a sex offense is indigent or financially unable to pay.

(f) For the purposes of collecting any unpaid balance of the tax imposed by this part, the department of correction shall deduct from the trust fund account of any sex offender who is in custody of the department of correction those moneys necessary to satisfy the unpaid tax.

On May 2, 2002, the petitioner submitted to TDOC officials an "Inmate Information Request" form by which he sought information about the monies being withheld from his trust account. On May 10, 2002, the petitioner was advised that the monies were being applied to his "Sex Offender Tax."

On August 27, 2002, the Court of Criminal Appeals issued a decision in the petitioner's appeal as of right. State v. Craig, No. E2001-01528-CCA-R3-CD, 2002 WL 1972892 (Tenn. Crim. App. Aug. 27, 2002). The intermediate appellate court affirmed the petitioner's convictions, but directed the imposition of twenty-year sentences for the aggravated rape convictions as required by statute and remanded to the trial court for reconsideration of the issue of consecutive sentencing.[3] Id. at *10. The Court of Criminal Appeals did not mention the $8,000 sexual offense surcharge, however.

On remand, the trial court ordered all sentences served concurrently, rather than consecutively, for a total aggregate sentence of twenty years. On March 28, 2003, the trial court entered a third set of amended judgments nunc pro tunc to July 28, 1998, reflecting the sentences imposed on remand. These judgments do not mention imposition of either the $65,000 in jury-imposed fines or the $8,000 sexual offense surcharge.

On January 23, 2008, in an apparent response to the petitioner's further inquiries as to the authority by which TDOC was withholding money from his trust account, an account technician with TDOC wrote the petitioner and attached a copy of the February 10, 1999 memorandum from the Clerk, describing it as "the Court order ordering these sex taxes to be assessed against you."

At some point thereafter, the petitioner sought a declaratory order from TDOC. On March 3, 2008, a person in TDOC's Office of General Counsel wrote the petitioner, stating that TDOC is statutorily authorized to collect monies to satisfy the sexual offense surcharge. Attached to this letter was a copy of an order filed in the petitioner's case[4] on February 29,

---

[3] Craig, 2002 WL 1972892, at *10 (holding that twenty years, the midpoint of the range, is the presumptive sentence for aggravated rape under Tennessee Code Annotated section 40-35-210(c) (1997)). The Sentencing Reform Act was amended in 2005. See 2005 Tenn. Pub. Acts ch. 353, § 6 (codified at Tenn. Code Ann. § 40-35-210 (2010)). The amended statute does not establish a presumptive sentence for offenses. See Tenn. Code Ann. § 40-35-210(c) (2010).

[4] The style of the order is "State of Tennessee vs. Scott M. Craig" and the number is M-98-231.

2008 ("2008 Order") by the judge of the Criminal Court of Bradley County.[5]  The 2008 Order states in its entirety:

> It is the ORDER of the Court that a SEXUAL OFFENSE SURCHARGE of $8,000.00 be assessed to the above-captioned case.  The SURCHARGE is assessed as follows: $3,000.00 per conviction of Class A Felony (2 counts of Aggravated Rape) and $2,000.00 per Class B Felony (1 count of Aggravated Kidnapping).

In a letter dated January 14, 2009, the petitioner wrote the Clerk of the Circuit Court of Bradley County, inquiring when TDOC would receive judgments reflecting the sentences the trial court imposed on remand from the Court of Criminal Appeals.  The petitioner thereafter received from a deputy clerk a letter dated January 28, 2009, and attached to this letter was a fourth set of amended judgments filed on January 27, 2009.  These judgments accurately reflected both the sentences imposed by the trial court on remand and the jury-imposed fines of $65,000.  However, these judgments do not mention or reflect imposition of the sexual offense surcharge.

On December 8, 2009, the petitioner filed a habeas corpus petition in the Criminal Court of Morgan County, stating that he is imprisoned and restrained of his liberty and detained by the power of the State of Tennessee and in the custody of David Mills, Warden of the Morgan County Correctional Complex in Wartburg, Tennessee (hereinafter "State").  As grounds for habeas corpus relief, the petitioner alleged:

> I. The Bradley County Criminal Court was without jurisdiction or authority to issue an order assessing the sex offender surcharge tax of $8,000 dollars more than seven years after the judgment had become final and is, therefore, illegal and void;
>
> (a) The trial court's order assessing sex offender tax on, per count basis and exceeding the three thousand dollar[] limit set by the Legislature, is in direct contravention of (T.C.A. §§ 16-1-117; 39-13-709; 67-4-602)  statutory authority;

---

[5]The judge who signed the 2008 Order is not the same person as the judge who presided over the petitioner's 1998 trial.

II. The Bradley County Clerk's Office had no power or authority to alter or modify the judgment of the court to certify for collection eight thousand ($8,000.00) sex offender surcharge tax;

(a) The Clerk's certification and collection of sex offender tax on a per count rather than a per case basis is in direct contravention of expressed statutory authority.

In the memorandum the petitioner filed in support of his request for relief, he argued that the statutory language creating the sexual offense surcharge required the trial court judge to assess the surcharge, that aggravated kidnapping is not an offense to which the surcharge applies, and that the trial court's order assessing the surcharge was void because it was entered after the judgment became final and the trial court lost jurisdiction of the case.

On January 21, 2010, the State moved to dismiss the petition, arguing that the petitioner had failed to establish either a void judgment or an expired sentence. The State maintained that the 2008 Order evidenced the amount of the surcharge the trial court imposed in 1998 and that this 2008 Order provided TDOC with authority to collect the surcharge from the petitioner's trust account. On January 25, 2010, the trial court granted the State's motion to dismiss.

The petitioner appealed, and the Court of Criminal Appeals affirmed the dismissal, explaining that "matters concerning the imposition of the sexual offender surcharge are not cognizable in a habeas corpus proceeding." Craig v. Mills, No. E2010-00487-CCA-R3-HC, 2010 WL 3025192, at *2 (Tenn. Crim. App. Aug. 30, 2010). The Court of Criminal Appeals acknowledged the trial court's failure to note imposition of the surcharge on the original and amended judgments, but explained that this omission did not render the judgments void or illegal. Nonetheless, the Court of Criminal Appeals described the 2008 Order as clarifying the record as to the imposition of the surcharge and reasoned that the trial court was authorized to correct the judgments at any time to show the surcharge had been imposed. Id.

Thereafter, the petitioner filed pro se an application for permission to appeal pursuant to Tennessee Rule of Appellate Procedure 11. We granted the application and appointed counsel to represent the petitioner in this Court.[6] For the reasons explained below, we vacate the judgments of the Court of Criminal Appeals and the trial court and remand this matter to the trial court for further proceedings consistent with this opinion.

---

[6]This Court appreciates the capable representation provided the petitioner by appointed counsel, Mr. Jeffrey Scott Griswold of Paine, Tarwater & Bickers, LLP, in Knoxville, Tennessee.

## II. Discussion

Whether habeas corpus relief should be granted is a question of law to which de novo review applies. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007). Habeas corpus relief is generally available "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn.1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 336-37 (Tenn.1868)).

In this case the State asserts accurately that the petitioner has failed to establish a restraint of his liberty. However, this Court expanded the traditional scope of habeas corpus in Moody v. State, 160 S.W.3d 512 (Tenn. 2005), holding that "the proper procedure for challenging an illegal sentence at the trial level is through a petition for writ of habeas corpus, the grant or denial of which can then be appealed under the Rules of Appellate Procedure." Id. at 516. See also Summers, 212 S.W.3d at 256 (stating that "[a] habeas corpus petition, rather than a motion to correct an illegal sentence, is the proper procedure for challenging an illegal sentence."). The petitioner has presented his claims for relief from an allegedly void judgment and illegal sentence in a manner deemed proper by the Court in Moody.

In resolving the petitioner's claims, we begin with Tennessee Code Annotated section 39-13-709, which creates the sexual offense surcharge and provides in relevant part as follows:

> (a) For purposes of this section, unless the context otherwise requires, "convicted" and "conviction" means an adjudication of guilt of a sex offense as defined in this part as follows:
>
>> (1) Plea of guilty, including a plea of guilty entered pursuant to § 40-35-313;
>> (2) Verdict of guilty by a judge or jury;
>> (3) Plea of no contest; and
>> (4) Best interest plea.
>
> (b) On and after July 1, 1996, each person who is convicted of a sex offense as defined in this part shall pay a tax to the clerk of the court in which the conviction occurs, in an amount not to exceed three thousand dollars ($3,000), as determined by the court for each conviction as defined by this part.

. . . .

(e) The court may waive all or any portion of the tax required by this section if the court finds that a person convicted of a sex offense is indigent or financially unable to pay.

(f) For the purposes of collecting any unpaid balance of the tax imposed by this part, the department of correction shall deduct from the trust fund account of any sex offender who is in custody of the department of correction those moneys necessary to satisfy the unpaid tax.

Id. While the statute uses the word "tax," the sexual offense surcharge is unlike other litigation taxes which are fixed, mandatory, and imposed by operation of law when a judgment is silent as to imposition of the tax. See Tenn. Code Ann. §§ 67-4-602 to -604 (2006 & Supp. 2010). In contrast, trial courts are statutorily required to determine the amount of the surcharge that should be paid for each qualifying sexual offense. Tenn. Code Ann. § 39-13-709(b). Furthermore, trial courts are statutorily authorized to waive imposition of the surcharge, or any portion thereof, for persons who are indigent or "financially unable to pay." Tenn. Code Ann. § 39-13-709(e). Finally, while imposition of the surcharge on aggravated rape convictions is permissible, no statute authorizes imposition of the surcharge for an aggravated kidnapping conviction. See generally Tenn. Code Ann. § 39-13-703(3)(A)(ii) (2010) (listing aggravated rape as an offense to which the surcharge applies).

In this Court, the petitioner first argues that the trial court failed to assess the sexual offense surcharge during his 1998 trial and sentencing proceedings and that the 2008 Order is void because it was entered long after the trial court lost jurisdiction of the case.

Generally, a trial court's judgment becomes final thirty days after entry unless a specified post-trial motion is filed, in which case the trial court's judgment becomes final "upon entry of the order denying a new trial or granting or denying any other such motion or petition." Tenn. R. App. P. 4(c); State v. Green, 106 S.W.3d 646, 648-49 (Tenn. 2003); State v. Peele, 58 S.W.3d 701, 704 (Tenn. 2001); State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996). A trial court has no power or jurisdiction to amend a final judgment, and judgments made outside a trial court's jurisdiction are void. Green, 106 S.W.3d at 648-49; Peele, 58 S.W.3d at 704; Pendergrass, 937 S.W.2d at 837 (citing Brown v. Brown, 198 Tenn. 600, 281 S.W.2d 492, 497 (1955)).

Tennessee Rule of Criminal Procedure 36 provides an exception to the foregoing general rule, however, by vesting trial courts with authority to correct clerical mistakes,

oversights, or omissions at any time, even after a judgment has become final. Pendergrass, 937 S.W.2d at 837. Rule 36 provides:

> After giving any notice it considers appropriate, the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission.

The authority granted by Rule 36 extends only to the correction of errors resulting from clerical mistakes, oversight, or omissions. See, e.g., Wilkerson v. Carlton, No. E2007-02453-CCA-R3-HC, 2008 WL 4949227 (Tenn. Crim. App. Nov. 20, 2008) (affirming the trial court's ruling that transposing sentences on a judgment is an error subject to correction under Rule 36 by the sentencing court). Rule 36 does not provide trial courts with authority to prescribe sentencing conditions not previously imposed. See Barker v. State, No. E2007-00195-CCA-R3-PC, 2008 WL 440438, at *3 (Tenn. Crim. App. Feb. 19, 2008), perm. app. denied (Tenn. June 23, 2008) ("In this case, the record reflects, and the trial court correctly stated, that there were no errors in the judgments as they were originally entered. Thus, the 2006 amended judgments were entered in error and are void, as they were beyond the jurisdiction of the trial court."); State v. Davis, No. E2000-02879-CCA-R3-CD, 2002 WL 340597, at *4 (Tenn. Crim. App. Mar. 4, 2002) (stating that the trial court may correct clerical errors pursuant to Rule 36 but is without jurisdiction to correct substantive errors after the judgment has become final); State v. Moore, 814 S.W.2d 381, 383 (Tenn. Crim. App. 1991), perm. app. denied (Tenn. July 1, 1991) ("Thus, if a trial court orders probation and, through oversight or otherwise, omits restitution as a condition, its authority to modify the conditions to include restitution ends upon such order becoming final."); Ray v. State, 576 S.W.2d 598, 602 (Tenn. Crim. App. 1978), cert. denied (Tenn. Dec. 18, 1978) (holding that a trial judge may not modify the judgment more than thirty days after the sentence was imposed to require consecutive, rather than concurrent, service of the defendant's sentence and characterizing the trial court's order attempting to do so as "void and without any force or effect"); State v. Bouchard, 563 S.W.2d 561, 564 (Tenn. Crim. App. 1977), cert. denied (Tenn. Jan. 16, 1978) (stating that the trial court was without jurisdiction after the expiration of thirty days to modify the judgment to provide for consecutive rather than concurrent sentencing).

A factually analogous case illustrating the contours of the authority granted by Rule 36 is State v. White, No. W2003-01947-CCA-R3-CD, 2004 WL 2381731 (Tenn. Crim. App. Oct. 25, 2004). In White, the defendant was convicted of theft of property, violating the sales tax law, and attempted first degree murder. On February 28, 2000, the trial court entered judgments on the convictions and sentenced the defendant to an aggregate sentence of thirty-one years in TDOC. The trial court did not order restitution. The defendant appealed, and on May 27, 2003, four days after the defendant's appeal became final, the State

filed a motion asking the trial court to amend the theft of property judgment to direct the defendant to pay restitution. Relying upon State v. Burkhart, 566 S.W.2d 871 (Tenn. 1978), the State argued that the trial court's failure to order restitution conflicted with statutes and rendered the sentence illegal. The trial court granted the State's motion and ordered the defendant to pay $10,001 as restitution. White, 2004 WL 2381731, at *1.

On appeal, the Court of Criminal Appeals concluded the trial court erred by granting the State's motion because the trial court was "without jurisdiction to modify" the judgment after it became final. Id. at *2. The Court of Criminal Appeals explained that, had the trial court actually ordered restitution and simply failed to memorialize its decision, the trial court could have corrected the judgment under Rule 36. Since the trial court in White "clearly acknowledged that it did not order restitution when imposing Defendant's sentence," there was no "clerical error" in the judgment which could be corrected under Rule 36. Id. The Court of Criminal Appeals distinguished White from Burkhart, explaining "that while a sentence in direct contravention of a statute is illegal and void, a final judgment which, although incorrect, is in conformity with an applicable statute is not subject to amendment" after the judgment has become final. White, 2004 WL 2381731, at *3.

Applying the foregoing principles in the context of this case, two possible resolutions emerge as to the petitioner's claim that the 2008 Order is void. First, if the trial court imposed the sexual offense surcharge during the petitioner's 1998 trial and sentencing proceedings but failed through clerical mistake, oversight, or omission to note its imposition on the judgments, then the 2008 Order was an appropriate exercise of the trial court's authority under Rule 36. However, if the trial court failed to impose the sexual offense surcharge during the 1998 proceedings, then the 2008 Order imposing the surcharge is void because it was filed long after the trial court lost jurisdiction of the case.

Unfortunately, the record on appeal is insufficient to determine which of these resolutions is appropriate in this case. Each conclusion finds marginal support in certain portions of the limited record on appeal, but the record is insufficient to provide a definitive answer. On the one hand, neither the original nor the amended judgments reflect imposition of the sexual offense surcharge. Furthermore, there is no mention of imposition of the surcharge in the uncertified copy of the transcript of the July 27, 1998 sentencing hearing the petitioner submitted along with his habeas corpus petition. Additionally, courts speak through orders and minute entries,[7] yet the 2008 Order is the only one produced in response to the petitioner's repeated requests for information to various prison officials and to the Circuit Court Clerk's Office of Bradley County concerning imposition of the surcharge.

_____

[7]State v. Woodall, 729 S.W.2d 91, 93 (Tenn. 1987); State v. March, 293 S.W.3d 576, 581 (Tenn. Crim. App. 2008), perm. app. denied (Tenn. May 26, 2009).

These portions of the scant record suggest that the trial court did not impose the surcharge during the petitioner's 1998 trial and sentencing proceedings and first imposed it by the 2008 Order.

On the other hand, approximately six months after the petitioner's trial, the Circuit Court Clerk for Bradley County certified to TDOC officials imposition of an $8,000 surcharge on the petitioner's convictions. Public officials, such as the Clerk, are presumed to fulfill their official duties in accordance with the law in the absence of contrary evidence,[8] meaning, in this instance, that the Clerk is presumed to have acted according to the trial court's direction. Moreover, the 2008 Order, like all orders of Tennessee courts of record, is entitled to a presumption of regularity.[9]

From the scant record on appeal, we are simply unable to determine definitively whether the 2008 Order constituted a proper exercise of the trial court's authority under Rule 36 or a void judgment entered long after the trial court lost jurisdiction. Accordingly, we vacate the judgments of the courts below and remand this matter to the trial court for further proceedings.

On remand, the State shall be given an opportunity to establish, by filing relevant portions of the record of the petitioner's trial and sentencing proceedings, whether the trial court imposed the sexual offense surcharge in 1998. Should the state fail to establish that the surcharge was imposed during the 1998 proceedings, then the 2008 Order is void because it was entered long after the trial court lost jurisdiction of the case.[10]

_____

[8]Manis v. Farmers Bank of Sullivan County, 170 Tenn. 656, 98 S.W.2d 313, 314 (1936) (" This court is strongly committed to the rule of presumption that a sworn public official has acted lawfully."); Dunlap v. Sawvel, 142 Tenn. 696, 223 S.W. 142, 145 (1920) ("It is a well-established law in Tennessee that every sworn officer does his duty, and in the absence of proof to the contrary this presumption will prevail."); State ex rel. Comm'r of Transp. v. Med. Bird Black Bear White Eagle, 63 S.W.3d 734, 775 (Tenn. Ct. App. 2001), perm. app. denied (Tenn. Dec. 10, 2001) ("[T]he courts must always presume that public officials . . . will discharge their duties in good faith and in accordance with the law.").

[9]Hickman v. State, 153 S.W.3d 16, 25 (Tenn. 2004) ("[A] judgment is entitled to a presumption of regularity. . . ."); State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000) ("The policy behind not allowing a writ of habeas corpus to issue from a Tennessee court unless the jurisdictional defect appears in the record of trial is grounded on the strong presumption of validity that attaches to final judgments of courts of general jurisdiction.")

[10]The petitioner's argument that the surcharge applies only to each case as a whole rather than to each sexual offense conviction, is contrary to the plain language of the statute. "When the statutory language is clear and unambiguous, we apply the plain language in its normal and accepted use." Boarman v. Jaynes, 109 S.W.3d 286, 291 (Tenn. 2003). Here, the statutory language plainly, clearly, and unambiguously permits
(continued...)

-10-

In the interest of judicial economy, however, we deem it appropriate to address another issue that will become relevant if it is established on remand that the 2008 Order was a valid exercise of the trial court's authority under Rule 36. As we have previously explained, included in the rubric of illegal sentences are those in direct contravention of the express provisions of an applicable statute and sentences which are not authorized under the applicable statutory scheme. Cantrell v. Easterling, __ S.W.3d__, W2009-00985-SC-R11-HC, 2011 WL 3273259, at *5 (Tenn. Aug. 1, 2011); Davis v. State, 313 S.W.3d 751, 759 (Tenn. 2010); Burkhart, 566 S.W.2d at 873. As previously stated, no statute authorized imposition of the sexual offense surcharge for the petitioner's aggravated kidnapping conviction. See generally Tenn. Code Ann. § 39-13-703(3) (2010) (listing the sexual offenses to which the surcharge applies). Accordingly, if it is determined on remand that the 2008 Order was a valid exercise of the trial court's authority under Rule 36, imposition of the $2,000 surcharge for the petitioner's aggravated kidnapping conviction constitutes an illegal sentence from which the petitioner is entitled to relief. See May v. Carlton, 245 S.W.3d 340, 348-49 (Tenn. 2008) (granting habeas corpus relief where the judgment included a declaration of infamy for a crime not declared infamous by the statutes in effect when the offense was committed and the sentence imposed); Stephenson v. Carlton, 28 S.W.3d 910, 912 (Tenn. 2000) (granting habeas corpus relief where the judgment included an "illegal and void" sentence of life imprisonment without the possibility of parole which was not available under the statute in effect at the time the defendant committed the offense); Lynch v. State ex rel. Killebrew, 179 Tenn. 339, 166 S.W.2d 397, 398 (1942) (holding a judgment "void" because the trial court acted "beyond [its] jurisdiction" in sentencing a minor to the "State Training and Agricultural School for one year" when the relevant statute only authorized sentencing to the "workhouse or jail").

## III. Conclusion

The judgments of the trial court and the Court of Criminal Appeals are vacated, and this case is remanded to the trial court for further proceedings consistent with this decision. On remand, the State shall be given an opportunity to establish, by filing relevant portions of the record of the petitioner's trial and sentencing proceedings, whether the trial court imposed the sexual offense surcharge in 1998. Should the State fail to establish that the surcharge was imposed during the 1998 proceedings, then the 2008 Order is void because

---

[10](...continued)
imposition of the surcharge "as determined by the court for each conviction as defined by this part." Tenn. Code Ann. § 39-13-709(b) (2010) (emphasis added). This issue is without merit. Furthermore, we decline to address the petitioner's challenge to the constitutionality of the statute authorizing the sexual offense surcharge. As the petitioner concedes, this argument was raised for the first time on appeal. Additionally, the petitioner has cited no authority permitting him to challenge the constitutionality of a statute in a habeas corpus proceeding.

it was entered long after the trial court lost jurisdiction of the case. Should the trial court determine that the 2008 Order was authorized by Rule 36, the petitioner is entitled to habeas corpus relief from that portion of the 2008 Order imposing a $2,000 surcharge for aggravated kidnapping, a conviction to which the surcharge does not apply. It appearing the petitioner is indigent, costs of this appeal are taxed to the State of Tennessee for which execution may issue if necessary.

PER CURIAM