# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs November 1, 2012

## OCTAVIS ARNOLD v. CHERRY LINDAMOOD, WARDEN

### Appeal from the Circuit Court for Hardeman County
### No. CC-12-CR-53    Joe H. Walker, III, Judge

---

### No. W2012-00666-CCA-R3-HC  - Filed January 10, 2013

---

The Petitioner, Octavis Arnold, pro se, appeals the Hardeman County Circuit Court's dismissal of his petition for a writ of habeas corpus from his 2006 convictions for robbery and his resulting effective eight-year sentence. The Petitioner contends that the trial court erred by summarily dismissing his habeas corpus claim that he was denied pretrial jail credit. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROGER A. PAGE, JJ., joined.

Octavis Arnold, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Senior Counsel; and D. Michael Dunavant, District Attorney General, for the appellee, State of Tennessee.

## OPINION

According to the indictment in case number 06-033-2, the Petitioner robbed a theater on April 3, 2004 (count one), and a convenience store on April 5, 2004[1] (count two). According to the judgment in case number 04-507, the Petitioner committed aggravated robbery of a shoe store on April 7, 2004. On September 17, 2004, the Petitioner entered a best interest plea to aggravated robbery in case number 04-507. He was sentenced to serve eight years and was given pretrial jail credit for that case, although the judgment does not specify the dates. The Petitioner was arrested on November 29, 2004, for count two of case

---

[1] The judgment states that the date of the offense for count two was April 3, 2004.

number 06-033-2. He was arrested on November 30, 2004, for count one of case number 06-033-2. On December 18, 2006, he pleaded guilty to two counts of robbery, counts one and two of case number 06-033-2, and received four-year sentences for each, to be served consecutively to each other and concurrently "beginning today" with case number 04-507. The judgments for case 06-033-2 do not reflect any pretrial jail credit.

In his habeas corpus petition, the Petitioner alleged that his sentences for case number 06-033-2 are illegal because he did not receive pretrial jail credit from the date he came into custody for them, which he says was when he was served with the arrest warrants in November 2004, until the judgments were entered in December 2006. The trial court summarily dismissed the petition on the basis that a writ of habeas corpus was not a proper vehicle for addressing complaints about calculation of sentence credits and parole dates.

On appeal, the Petitioner contends that the trial court erred in denying relief. He argues that Tennessee Code Annotated section 40-23-101(c) requires that he be allowed pretrial jail credit for case number 06-033-2 for the time he served in case number 04-507 before the judgments were entered in case number 06-033-2. The State contends that the trial court erred in summarily dismissing the petition because the Petitioner was entitled to relief for the first of the consecutive sentences he is serving for case number 06-033-2. Although the Petitioner's claim for pretrial jail credit is cognizable in a habeas corpus action, we conclude that he is not entitled to relief.

The determination of whether habeas corpus relief should be granted is a question of law that is reviewed de novo with no presumption of correctness. State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006); Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2001). In Tennessee, habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the petitioner or that the sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999); State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1969).

A void judgment is one that is invalid on the face of the judgment or the record "because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007); see Cantrell v. Easterling, 346 S.W.3d 445, 454-55 (Tenn. 2011) (citing Lynch v. State ex rel. Killebrew, 166 S.W.2d 397, 398 (Tenn. 1942)); see also Archer, 851 S.W.2d at 164. The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 381 S.W.2d 290, 291-92 (Tenn. 1964). The trial court, however, may dismiss a petition for writ of habeas corpus without an evidentiary hearing and without appointing a lawyer when the petition

does not state a cognizable claim for relief. Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); State ex rel. Edmondson v. Henderson, 421 S.W.2d 635, 636-37 (Tenn. 1967); see T.C.A. § 29-21-109 (2010).

A claim regarding pretrial jail credits is cognizable in a habeas corpus proceeding. Tucker v. Morrow, 335 S.W.3d 116, 123 (Tenn. Crim. App. 2009). The trial court erred in concluding otherwise.

Tennessee Code Annotated section 40-23-101(c) (2012) provides:

> The trial court shall, at the time the sentence is imposed and the defendant is committed to jail, the workhouse or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending arraignment and trial. The defendant shall also receive credit on the sentence for the time served in the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which the defendant was tried.

In order for the credit to apply, the Defendant must be held in pretrial custody for the charge from which the conviction arises. Tucker, 335 S.W.3d at 123 (citing Trigg v. State, 523 S.W.2d 375, 375-76 (Tenn. Crim. App. 1975)); see, e.g., State v. Michael W. Poe, No. E2010-00220-CCA-R3-CD, slip op. at 24 (Tenn. Crim. App. Feb. 23, 2011), perm. app. denied (Tenn. May 27, 2011); State v. Timothy S. Bradley, No. 01C01-9804-CC-00165, slip op. at 4 (Tenn. Crim. App. Mar. 23, 1999); cf. State v. Abernathy, 649 S.W.2d 285, 286 (Tenn. Crim. App. 1983) (denying jail credit for time spent in out-of-state confinement).

According to the petition, the Petitioner was sent to the Tennessee Department of Correction on October 6, 2004, to serve his eight-year sentence in case number 04-507 after the judgment was entered in September 2004. He was served with the warrants for case number 06-033-2 in November 2004, which was while he was serving his sentence for case number 04-507. Whether or not the Petitioner had been arrested for case number 06-033-2, he would have been, and was, serving his eight-year sentence for case number 04-507. The record reflects that his confinement was not due to the charges in case number 06-033-2. See, e.g., State v. Jermain Sean Lipford, No. M2011-00137-CCA-R3-CD, slip op. at 4 (Tenn. Crim. App. Sept. 19, 2012) (concluding that "Appellant is not entitled to credits from a period of continuous confinement in this State for separate and unrelated charges"); Michael W. Poe, slip op. at 24 (stating that a defendant who was jailed for probation violation charges in one case was not entitled to pretrial jail credit once convicted of unrelated charges that

were pending while he was incarcerated for the probation violation).  The Petitioner is not entitled to pretrial jail credit and is not entitled to habeas corpus relief.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.


_____
JOSEPH M. TIPTON, PRESIDING JUDGE