# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

### JOHNNY L. MCGOWAN, JR. v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Morgan County**
**No. 9037     E. Eugene Eblen, Judge**

**No. E2007-00598-CCA-R3-HC - Filed April 7, 2014**

The petitioner, Johnny L. McGowan, Jr., appeals as of right from the Morgan County Circuit Court's orders denying his petitions for writs of habeas corpus and error coram nobis. The petitioner challenges his 1993 Rutherford County Criminal Court convictions of three counts of aggravated assault for which he received a total effective sentence of five years' incarceration. The State has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Following our review, we conclude that the State's motion is well-taken and affirm the judgments of the trial court.

**Tenn. R. App. P. 3; Judgments of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

JOSEPH M. TIPTON, P.J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Johnny L. McGowan, Jr., Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and John H. Bledsoe, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On April 7, 1993, the petitioner pleaded guilty in Rutherford County Criminal Court case number 27110 to three counts of aggravated assault, a Class C felony. The petitioner filed a petition for writ of habeas corpus in the Morgan County Criminal Court alleging that his convictions in case number 27110 were void due to a fatal variance between the indictment and the proof at trial. Following several appointments of counsel, the petitioner filed an amended petition for writ of habeas corpus alleging that his convictions in case

number 27110 were void because he was forced to waive pretrial jail credits in case number 27110 pursuant to a January 1994 plea agreement in Rutherford County Criminal Court case numbers 27457, 27902, 27903, 27904, and 27905. The amended petition contained no supporting documentation showing the alleged illegality of the 1993 convictions.

The State responded to the original petition and amended petition. The State argued that the petition should be summarily dismissed because a variance claim was not cognizable in a habeas corpus proceeding and the petitioner failed to support with documentation his claim of pretrial jail credit denial. Finding the State's motion well-taken, the trial court summarily denied the petition without findings.

The petitioner filed a timely notice of appeal from the trial court's summary denial of the habeas corpus petition. The petitioner also filed a petition for writ of error coram nobis in which he attempted to bring before the trial court documentation in support of his claim of pretrial jail credit denial. The trial court summarily denied the petition for writ of error coram nobis.

The record indicates that the petitioner pleaded guilty on April 7, 1993, in case number 27110 to three counts of aggravated assault. Pursuant to the plea agreement, the trial court imposed sentences of five years as a Range I, standard offender for each count, to be served concurrently. Although the record is unclear concerning the petitioner's subsequent guilty pleas, in the appeal of another unsuccessful bid for habeas corpus relief, this court stated

> The procedural and factual history of this matter is quite complex. In April 1993, in the Criminal Court of Rutherford County, the petitioner pled guilty in Case No. 27110 to three counts of aggravated assault and was sentenced as a Range I, standard offender in each count to concurrent five-year terms in the Department of Correction. On January 24, 1994, he pled guilty in five unrelated cases in the same court and was sentenced as a Range I, standard offender in each case as follows: Case No. 27903, aggravated arson, twenty years; Case No. 27457, six counts of reckless endangerment with a deadly weapon, one year for each count; Case No. 27905, vandalism over $500, one year; Case No. 27902, arson, five years; and Case No. 27904, vandalism over $500, one year. The Court ordered all sentences to be served concurrently.

*Johnny L. McGowan, Jr. v. State*, No. M2009-01124-CCA-R3-HC, slip op. at 2 (Tenn. Crim. App., at Nashville, Nov. 25, 2009), *perm. app. dismissed* (Tenn. Mar. 3, 2010), *pet. rehear denied* (Tenn. Mar. 15, 2010).

In 2005, the petitioner pleaded guilty to one count of aggravated assault arising from a 2002 altercation with a prison guard while incarcerated at the Riverbend Maximum Security Institution and received a sentence of 8 years to be served consecutively to the previously-imposed total effective 20-year sentence. *See Johnny L. McGowan, Jr. v. Jerry Lester*, No. W2013-01058-CCA-R3-HC, slip op. at 1-2 (Tenn. Crim. App., at Jackson, Dec. 5, 2013). Over the years, the petitioner has pursued abundant challenges against his convictions. *See Johnny L. McGowan, Jr. v. Jerry Lester*, No. W2013-01058-CCA-R3-HC (Tenn. Crim. App., at Jackson, Dec. 5, 2013); *Johnny L. McGowan, Jr. v. State*, No. M2009-01124-CCA-R3-HC (Tenn. Crim. App., at Nashville, Nov. 29, 2009), *perm. app. dismissed* (Tenn. Mar. 2, 2010); *Johnny L. McGowan, Jr. v. Howard Carlton*, No. E2008-01993-CCA-R3-HC (Tenn. Crim. App., at Knoxville, Oct. 20, 2009), *perm. app. denied* (Tenn. Apr. 4, 2010); *Johnny L. McGowan, Jr. v. Howard Carlton*, No. E2007-00636-CCA-R3-HC (Tenn. Crim. App., at Knoxville, Oct. 20, 2009), *perm. app. denied* (Tenn. Mar. 15, 2010); *Johnny L. McGowan, Jr. v. State*, No. M2008-01813-CCA-R3-PC (Tenn. Crim. App., at Nashville, Oct. 28, 2008), *perm. app. denied* (Tenn. Mar. 16, 2009); *Johnny L. McGowan, Jr. v. State*, No. M2007-02681-CCA-R3-CO (Tenn. Crim. App., at Nashville, Aug. 5, 2008), *perm. app. denied* (Tenn. Oct. 27, 2008); *Johnny L. McGowan, Jr. v. State*, No. M2008-00530-CCA-R3-PC (Tenn. Crim. App., at Nashville, July 11, 2008), *perm. app. denied* (Tenn. Dec. 8, 2008), *pet. to rehear denied* (Tenn. Jan. 13, 2009); *Johnny L. McGowan, Jr. v. State*, No. M2008-00244-CCA-R3-PC (Tenn. Crim. App., at Nashville, May 30, 2008), *perm. app. denied* (Tenn. Aug. 25, 2008); *Johnny L. McGowan, Jr. v. State*, No. M2007-02575-CCA-R3-CO (Tenn. Crim. App., at Nashville, Apr. 16, 2008), *perm. app. denied* (Tenn. Aug. 25, 2008); *Johnny L. McGowan, Jr. v. State*, No. M2007-01660-CCA-R3-CO (Tenn. Crim. App., at Nashville, Oct. 31, 2007), *perm. app. denied* (Tenn. Apr. 7, 2008); *Johnny McGowan v. Ricky J. Bell*, No. M2006-00149-CCA-R3-HC (Tenn. Crim. App., at Nashville, Dec. 21, 2006), *perm. app. denied* (Tenn. Mar. 12, 2007); *Johnny L. McGowan, Jr. v. State*, No. M2004-03059-CCA-R3-CO (Tenn. Crim. App., at Nashville, Apr. 22, 2005); *Johnny L. McGowan, Jr. v. State*, No. M2003-01759-CCA-R3-HC (Tenn. Crim. App., at Nashville, June 7, 2004); *Johnny L. McGowan, Jr. v. State*, No. M2003-00268-CCA-R3-CO (Tenn. Crim. App., at Nashville, Apr. 7, 2004), *perm. app. denied* (Tenn. Nov. 15, 2004).

On appeal, the petitioner argues that the judgments in case number 27110 are void because he was forced to waive pretrial jail credits in case number 27110 in exchange for his January 1994 guilty pleas in unrelated cases. The State argues that the petitioner failed to attach any documentation to establish the denial of pretrial jail credits and, in any event, the petitioner's 5-year concurrent sentences imposed in 1993 have long expired, thereby precluding any habeas corpus relief. *See Hickman v. State*, 153 S.W.3d 16 (Tenn. 2004); *Benson v. State*, 153 S.W.3d 27 (Tenn. 2004).

The determination of whether habeas corpus relief should be granted is a question of

law that is reviewed *de novo* with no presumption of correctness. *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2001). In Tennessee, habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the petitioner or that the sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999); *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1969).

A void judgment is one that is invalid on the face of the judgment or the record "because the trial court did not have the statutory authority to render such judgment." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007); *see Cantrell v. Easterling*, 346 S.W.3d 445, 454-55 (Tenn. 2011) (citing *Lynch v. State ex rel. Killebrew*, 166 S.W.2d 397, 398 (Tenn. 1942)); *see also Archer*, 851 S.W.2d at 164. The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. *State ex rel. Kuntz v. Bomar*, 381 S.W.2d 290, 291-92 (Tenn. 1964). The trial court, however, may dismiss a petition for writ of habeas corpus without an evidentiary hearing and without appointing a lawyer when the petition does not state a cognizable claim for relief. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004); *State ex rel. Edmondson v. Henderson*, 421 S.W.2d 635, 636-37 (Tenn. 1967); *see* T.C.A. § 29-21-109 (2010).

The State correctly notes that a claim of fatal variance in the indictment is not cognizable in a habeas corpus proceeding. *See State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000); *see also Eric D. Wallace v. Stephen Dotson*, No. W2006-00908-CCA-R3-HC (Tenn. Crim. App., at Jackson, Mar. 22, 2007), *perm. app. denied* (Tenn. Aug. 13, 2007); *William T. Yelton v. Robert Waller, Warden,* No. M2004-02529-CCA-R3-HC (Tenn. Crim. App., at Nashville, Jan. 17, 2006); *Stephen Lajuan Beasley v. State,* No. E2005-00367-CCA-MR3-HC (Tenn. Crim. App., at Knoxville, Dec. 27, 2005), *perm. app. denied* (Tenn. May 30, 2006); *Byron Edwards v. State,* No. E2004-00918-CCA-R3-HC (Tenn. Crim. App., at Knoxville, Dec. 20, 2004), *perm. app. denied* (Tenn. Mar. 21, 2005). Therefore, the trial court correctly denied habeas corpus relief based upon the variance allegation.

A claim regarding pretrial jail credits, however, is cognizable in a habeas corpus proceeding. *Tucker v. Morrow*, 335 S.W.3d 116, 123 (Tenn. Crim. App. 2009). Tennessee Code Annotated section 40-23-101(c) (2012) provides that a trial court shall allow credit on a sentence for the time the defendant was in jail pending trial. In order for the credit to apply, the defendant must be held in pretrial custody for the charge from which the conviction arises. *Tucker*, 335 S.W.3d at 123 (citing *Trigg v. State*, 523 S.W.2d 375-375-76 (Tenn. Crim. App. 1975)).

As recently explained by this court in *Ashad Ra Muhammad Ali v. State*, No. W2012-02194-CCA-R3-HC (Tenn. Crim. App., at Jackson, July 16, 2013):

> To establish the substance of this type of a claim and bring the claim within the ambit of habeas corpus review, a petitioner must show (1) that he was incarcerated "pending arraignment and trial" on the offense or offenses that led to the challenged convictions or "subsequent to" the challenged conviction or convictions and (2) that the trial court failed to award credit for the incarceration on the challenged judgment. *Tucker*, 335 S.W.3d at 123. Additionally, to satisfy the procedural requirements for habeas corpus relief and to avert a summary dismissal, a petitioner who claims entitlement to habeas corpus relief from a sentence rendered illegal by the trial court's failure to award mandatory pretrial jail credits must attach to his petition sufficient documentation from the record to establish that he is, in fact, entitled to pretrial jail credit under Tennessee Code Annotated section 40-23-101, as indicated above, and that the trial court erroneously failed to award it. *See Summers*, 212 S.W.3d at 262; *Tucker*, 335 S.W.3d at 123-24.

*Ashad Ra Muhammad Ali*, slip op. at 4.

In case number 27110, the petitioner pleaded guilty in April 1993 to three counts of aggravated assault, resulting in the convictions challenged in this habeas corpus petition. In January 1994, the petitioner pleaded guilty in various unrelated cases. Pursuant to the plea agreement in those cases, the trial court ordered the new sentences to be served concurrently to the sentence arising from the April 1993 convictions, resulting in a total effective sentence of 20 years' incarceration. The record before the court is unclear regarding the petitioner's bond status or pretrial custody status in case number 27110 at the time the 1994 conviction offenses were committed. In a 2003 appeal from the denial of habeas corpus relief alleging the illegality of the 1994 judgments, this court remanded for a determination concerning the petitioner's bond status in case number 27110 relative to when the 1994 conviction offenses were committed. *Johnny L. McGowan, Jr.*, No. M2003-00268-CCA-R3-HC, slip op. at 2. On appeal from that remand, the court noted that the petitioner failed to present evidence regarding his bond status in case number 27110 and affirmed the remand court's summary dismissal. *Johnny McGowan*, No. M2006-00149-CCA-R3-HC, slip op. at 2-3. In yet another unsuccessful appeal, this court noted that the petitioner was granted habeas corpus relief in case number 27457 (one of the 1994 convictions) because the petitioner was on bond in case number 27110 when the six counts of reckless endangerment were committed and that the six counts of reckless endangerment were ultimately dismissed on remand to the trial court. *Johnny L. McGowan, Jr.*, M2009-01124-CCA-R3-HC, slip op. at 2. Thus, the petitioner's appellate history shed little conclusive light upon the petitioner's pretrial custody

-5-

status relative to a claim of entitlement to pretrial jail credit. In any event, the record in this case does not establish that the petitioner was held pretrial for the offenses convicted of in case number 27110 to establish his entitlement to pretrial jail credits. Accordingly, we conclude that the trial court correctly denied habeas corpus relief. *See*, *e.g.*, *Juan A. Hill v. David Sexton, Warden*, E 2012-02077-CCA-R3-HC, slip op. at 4-5 (Tenn. Crim. App., at Knoxville, Jan. 30, 2013) (affirming denial of habeas relief when petitioner failed to attach documentation to his petition to establish denial of pretrial jail credits).

Furthermore, the State also correctly notes that the petitioner is not entitled to habeas corpus relief from his convictions in case number 27110 because the five-year sentences imposed in 1993 have long expired well before the filing of the petition in this case. *Hickman*, 153 S.W.3d at 24; *Benson*, 153 S.W.3d at 32. For these reasons, we conclude that the petitioner is not entitled to habeas corpus relief.

Turning now to the petitioner's allegation concerning the trial court's dismissal of his petition for writ of error coram nobis, we observe that a writ of error coram nobis lies "for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial." T.C.A. § 40-26-105 (2012); *State v. Hart*, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995); *cf. Wlodarz v. State*, 361 S.W.3d 490, 503-04 (Tenn. 2012) (holding that a guilty plea proceeding is a "trial" for purposes of the coram nobis statute). The decision to grant or deny such a writ rests within the sound discretion of the trial court. *Teague v. State,* 772 S.W.2d 915, 921 (Tenn. Crim. App.1988). A petition for writ of error coram nobis must be filed within one year of the date the judgment becomes final in the trial court. T.C.A. § 27-7-103 (2000); *State v. Mixon*, 983 S .W.2d 661, 663 (Tenn. 1999); *State v. Ratliff*, 71 S.W.3d 291, 295 (Tenn. Crim. App. 2001). The only exception to the statute of limitations is when due process principles require tolling. *Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001).

In this case, the petitioner filed the pro se pleading titled "writ for error coram nobis" in an attempt to present additional evidence in support of his habeas corpus claim following the trial court's denial of habeas corpus relief. The petitioner attempted to utilize the writ of error coram nobis in a similar manner in prior habeas corpus litigation. *Johnny McGowan*, M2006-00149-CCA-R3-HC, slip op. at 5. In that appeal, we affirmed the trial court's dismissal of the coram nobis claim and noted that the petitioner sought to use the writ of error coram nobis statute "to present evidence which was not 'newly discovered' but, instead, simply not submitted" during the litigation of the habeas corpus claim. *Id.* "Without question, the procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously." *Archer v. State*, 851 S.W.2d at 165 (citing *Bateman v. Smith*, 183 Tenn. 541, 543, 194 S.W.2d 336, 337 (1946)). The petitioner may not use a writ of error

coram nobis to effectually amend or seek reconsideration of a habeas corpus claim that the trial court denied for failure to attach documentation to establish a claim. Accordingly, we conclude that the trial court properly dismissed the petition for writ of error coram nobis.

Because the trial court properly denied the petitions for writs of habeas corpus and error coram nobis and we further conclude that the petitioner is not entitled to habeas corpus relief, the judgments of the trial court are affirmed pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____

JOSEPH M. TIPTON, PRESIDING JUDGE