IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 19, 2019

## STATE OF TENNESSEE v. DOMINIC RODRIGUEZ

**Appeal from the Circuit Court for Montgomery County**
**No. 2017-CR-123    William R. Goodman, III, Judge**

_____

## No. M2018-01811-CCA-R3-CD

_____

The trial court convicted Defendant, Dominic Rodriguez,[1] of one count of sexual battery following a bench trial.  On appeal, Defendant argues that this court should reweigh the evidence because the State presented insufficient evidence for a rational juror to have found Defendant guilty beyond a reasonable doubt.  After a thorough review of the facts and applicable case law, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and D. KELLY THOMAS, JR., J., joined.

Roger E. Nell, District Public Defender (on appeal), and Crystal Meyers, Assistant District Public Defender (at trial), for the appellant, Dominic Rodriguez.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General, for the appellee, State of Tennessee, and John Carney, District Attorney General; Helen Young, Assistant District Attorney.

## OPINION

### I. Factual and Procedural Background

This appeal arises out of Defendant's unlawful sexual contact with the victim, D.C.[2]  In January 2017, the Montgomery County Grand Jury indicted Defendant on one

---

[1] In some of the documents in the appellate record, Defendant's name is spelled "Rodriquez."  In the indictment, his name is spelled "Rodriguez."

[2] It is the custom of this court to refer to victims of sexual crimes by their initials to protect their identity.  We intend no disrespect.

count of sexual battery. Defendant waived his right to trial by jury and proceeded to a bench trial in May 2018.

## Bench trial

D.C. testified that she met Defendant for the first time on the day of the offense, October 9, 2016, when she attended church at Central Chapel Methodist Church in Woodlawn, Tennessee. Her church's pastor introduced Defendant as a visitor to the church and asked the congregation to make him feel welcome. After the service ended, D.C. testified that Defendant was mingling with members of the congregation near the pulpit. D.C. approached Defendant and extended her hand to welcome him. Defendant grabbed D.C.'s hand, turned it over, and touched it to his genital area. He then put his other hand on her back to hold her in place and began rubbing her hand on his genital area. D.C. testified that Defendant held her in that position for between thirty seconds and one minute and that she could not get away. D.C. could not recall if Defendant was aroused at the time of the offense, but she testified that she thought Defendant's actions were sexual in nature. She also stated, "It couldn't have been an accident. He knew what he was doing." On cross-examination, D.C. testified that she was too shocked to tell Defendant to stop or to ask for help.

Following her encounter with Defendant, D.C. went out for dinner with her husband, where she told him about the encounter. When they arrived at home after dinner, D.C. and her husband searched for Defendant online and discovered that he is a registered sex offender.[3] D.C. subsequently called the police to report the offense that occurred in the church.

Defendant testified that he recalled hugging D.C. on the day of the offense but that he did not recall anyone touching his genital area. He testified that he had a girlfriend at the time of the offense and that he "wouldn't dare" intentionally force anybody to touch his genital area. He stated that if the offense did occur as D.C. alleged, it was an accident. He testified that if he had been aware that he was accidentally forcing D.C. to touch him, he would have immediately pulled away and apologized. On cross-examination, however, Defendant explained that he thought he had hugged a different woman. On redirect, he explained that he has a tendency to hug strangers but that he knows he should not; he did not elaborate on this point. He further testified that he had been in prison previously for sexual crimes involving a minor. The record is otherwise silent on his previous convictions. On redirect examination, he testified that he had been

---

[3] On his redirect examination, Defendant confirmed that he is on the sex offender registry. The State claimed that Defendant had previously been convicted of sexual crimes in California but did not submit verification to the record.

sexually assaulted in prison, which caused him to suffer from post-traumatic stress disorder.

Prior to trial, the trial court ordered Defendant to submit to a forensic evaluation by Centerstone, a mental health center, to determine whether he was competent to stand trial and what his mental condition was at the time of the offense. Defendant's forensic examiner could not make a determination on an outpatient basis and referred him to the Middle Tennessee Mental Health Institute (MTMHI) for an inpatient evaluation. The trial court issued the necessary order for an inpatient evaluation at the MTMHI, where a Forensic Services Coordinator concluded that Defendant was capable of adequately assisting his attorney, that he does understand the nature of the legal matter against him and the potential consequences thereof, that he was able to participate in his own defense and advise his counsel, and that he was able to appreciate the nature and wrongfulness of his conduct. Following closing arguments, the trial court found that Defendant was competent at the time of the offense and was able "to appreciate the nature of his conduct and that such conduct was wrong." The trial court then found Defendant guilty of one count of sexual battery, explaining that D.C. was the more credible witness because she had no reason to lie and because Defendant had prior experience with the criminal justice system.

### Sentencing hearing

Following the hearing, the trial court sentenced Defendant as a Range I standard offender to a term of two years. Defendant now appeals.

## II. Analysis

### Standard of review

Our standard of review for a sufficiency of the evidence challenge is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original); *see also* Tenn. R. App. P. 13(e). Questions of fact, the credibility of witnesses, and weight of the evidence are resolved by the fact finder. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997). This court will not reweigh the evidence. *Id.* Our standard of review "is the same whether the conviction is based upon direct or circumstantial evidence." *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)) (internal quotation marks omitted).

A guilty verdict removes the presumption of innocence, replacing it with a presumption of guilt. *Bland*, 958 S.W.2d at 659; *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). The defendant bears the burden of proving why the evidence was insufficient to support the conviction. *Bland*, 958 S.W.2d at 659; *Tuggle*, 639 S.W.2d at 914. On appeal, the "State must be afforded the strongest legitimate view of the evidence and all reasonable inferences that may be drawn therefrom." *State v. Vasques*, 221 S.W.3d 514, 521 (Tenn. 2007).

Defendant contends on appeal that this standard of review is "inconclusive." He argues that courts of last resort must reweigh evidence if they are to conclude whether the evidence presented truly preponderates beyond a reasonable doubt in favor of the judgment rendered. In short, Defendant asks this court to ignore a forty-year history of binding case law by reviewing evidence under a pre-*Jackson* standard. This request ignores the basis for our current standard; the trial court is uniquely positioned to see and hear testimony and assess the credibility of witnesses therefrom. *Blackwell v. State*, 153 Tenn. 319, 987 (1926). For that reason, this court on appeal must afford deference to the trial court's findings of fact related to witness testimony and credibility. *See, e.g.*, *State v. Clayton*, 535 S.W.3d 829, 844 (Tenn. 2017); *State v. Hogg*, 448 S.W.3d 877, 885 (Tenn. 2014); *Bland*, 958 S.W.2d at 659; *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990); *State v. Hatchett*, 560 S.W.2d 627, 630 (Tenn. 1978). A system in which appellate courts could reweigh evidence and reconsider findings of fact made by the trier of those facts would simply be unjust and unwieldy. Thus, we decline to depart from the standard of review set by the United States Supreme Court and the Tennessee Supreme Court.

### *Sexual battery*

In relevant part, sexual battery is "unlawful sexual contact with a victim by the defendant or the defendant by the victim" when "force or coercion is used to accomplish the act[.]" Tenn. Code Ann. § 39-13-505(a)(1) (2016). "Sexual contact" includes "the intentional touching of the clothing covering the immediate area of . . . the defendant's . . . intimate parts, if that intentional touching can be reasonably construed as being for the purpose of sexual arousal or gratification[.]" Tenn. Code Ann. § 39-13-501(6) (2016). Further, "intimate parts" includes "the primary genital area, groin, [or] inner thigh[.]" *Id.* at § 39-13-501(2) (2016).

Here, D.C. testified that she approached Defendant to introduce herself and welcome him to her church. When she extended her hand, he gripped it, turned it over, and touched it to his genital area. Defendant then put his other hand on her back to hold her in place and began rubbing her hand on his genital area. D.C. explained that he held her in that position for between thirty seconds and one minute and that she could not get

away. Although she could not recall if Defendant was physically aroused at the time of the offense, she thought his conduct was sexual in nature because he forced her hand to rub his genital area.

In this case, the trial court credited D.C.'s testimony because she "has no reason to lie." Any inconsistencies in the witnesses' testimony or issues regarding witness credibility were resolved by the trial court, as was within its province. This court must not reconsider the credibility of either witness, *see Bland*, 958 S.W.2d at 659, and must view the evidence in the light most favorable to the State. In this context, any rational trier of fact could have found beyond a reasonable doubt that (1) Defendant forced D.C. to make unlawful sexual contact when he touched her hand to his genital area, and (2) Defendant forced such action for the purpose of sexual gratification because he moved her hand "around that area" for between thirty seconds and one minute. Therefore, the evidence is sufficient to support Defendant's conviction.

## III. Conclusion

Factual disputes must be resolved by the trier of fact, and this court cannot reweigh or reconsider the evidence or the credibility of witnesses. *Id.* In our view, the trial court acted within its prerogative when it found D.C. to be a more credible witness, and each element of the offense of sexual battery was, therefore, satisfied by her testimony. The judgment of the trial court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE